IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RECEE MAE REED,     § | | |
|   Plaintiff,     § | | |
| § | | |
| v.     § | 3:22-cv-00816-B (BT) | |
| § | | |
| FAIRWAY TOWNHOMES HOUSING § | | |
| LP, et al.,     § | | |
|   Defendants.     § | | |

| | | |
|---|---|---|
| RECEE MAE REED,     § | | |
|   Plaintiff,     § | | |
| § | | |
| v.     § | 3:22-cv-00817-L (BT) | |
| § | | |
| T. LYONS, et al.,     § | | |
|   Defendants.     § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Recee Mae Reed brings these two *pro se* civil actions, but she failed to comply with a court order and failed to state a claim in both cases. The Court should therefore dismiss Case Numbers 3:22-cv-816-B-BT and 3:22-cv-817-L-BT. Reed is warned that if she continues to file frivolous cases in this Court, sanctions and/or a filing bar will be imposed.

## Background

Reed has filed six *pro se* civil lawsuits in the Northern District of Texas, with five of those lawsuits filed since July 8, 2021. Two of the six

lawsuits, Case Numbers 3:22-cv-816-B-BT and 3:22-cv-817-L-BT, were referred to the undersigned United States magistrate judge. Of the six lawsuits, on September 25, 2013, Case Number 3:12-cv-4065-K-BK was dismissed with prejudice under Rule 37 as a discovery sanction and under Rule 41 for failure to comply with the Federal Rules of Civil Procedure and for failure to prosecute. On August 6, 2021, Case Number 3:21-cv-1594-X-BK was summarily dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B). On December 23, 2021, Case Number 3:21-cv-2863-L-BK was dismissed for lack of subject-matter jurisdiction.

On April 12, 2022, Reed filed Case Number 3:22-cv-816-B-BT in this Court. Along with her complaint, she filed a motion to proceed *in forma pauperis*. (Case Number 3:22-cv-816-B-BT, ECF No. 4.) Reed's motion to proceed *in forma pauperis* was signed and dated, but it was otherwise incomplete. On April 18, 2022, Reed filed her first amended complaint. (Case Number 3:22-cv-816-B-BT, ECF No. 5). On April 18, 2022, the Court issued a Notice of Deficiency and Order, which ordered Reed to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and pay the $402.00 filing fee or file a proper motion to proceed *in forma pauperis*. (Case Number 3:22-cv-816-B-BT, ECF No. 6.) The order informed Reed that failure to respond and cure the deficiencies by May 19, 2022, could result in a recommendation that her case be dismissed. On April 25, 2022, Reed filed her second amended complaint, but it failed to comply with Rule 8(a). (Case

2

Number 3:22-cv-816-B-BT, ECF No. 7.) On April 25, 2022, Reed filed a conforming motion to proceed *in forma pauperis*. (Case Number 3:22-cv-816-E-BT, ECF No. 8.) Two days later, the Court granted her motion to proceed *in forma pauperis*. (Case Number 3:22-cv-816-E-BT, ECF No. 9.)

On April 12, 2022, Reed filed Case Number 3:22-cv-817-L-BT in this Court. Along with her complaint, she filed a motion to proceed *in forma pauperis*, but Reed's motion to proceed *in forma pauperis* was filed on a form issued by the State of Texas. (Case Number 3:22-cv-817-L-BT, ECF No. 4.) On April 18, 2022, the Court issued a Notice of Deficiency and Order, which ordered Reed to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and pay the $402.00 filing fee or file a proper motion to proceed *in forma pauperis*. (Case Number 3:22-cv-817-L-BT, ECF No. 5.) The order informed Reed that failure to respond and cure the deficiencies by May 18, 2022, could result in a recommendation that her case be dismissed. On April 18, 2022, Reed filed her first amended complaint, but it failed to comply with Rule 8(a). (Case Number 3:22-cv-817-B-BT, ECF No. 6.) That same day, Reed returned the instructions she received from the Court as a non-prisoner *pro se* plaintiff with nonsensical handwriting added to the document. (Case Number 3:22-cv-817-B-BT, ECF No. 7.) On April 25, 2022, Reed filed her second amended complaint, and it also failed to comply with Rule 8(a). (Case Number 3:22-cv-817-B-BT, ECF No. 8.) The same day, Reed filed a conforming motion to proceed *in forma pauperis*. (Case Number

3:22-cv-817-L-BT, ECF No. 9.) Two days later, the Court granted Reed's motion to proceed *in forma pauperis*. (Case Number 3:22-cv-817-L-BT, ECF No. 10.)

## Legal Standards and Analysis

A.   Fed. R. Civ. P. 41(b)

In both of her cases, Reed failed to obey a court order and also failed to prosecute. Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Reed has failed to comply with the Court's orders in Case Numbers 3:22-cv-816-B-BT and 3:22-cv-817-L-BT. In both cases, she failed to file a complaint in compliance with Rule 8(a), which requires a short and plain statement of a claim showing she is entitled to relief. Fed. R. Civ. P. 8(a)(2).

4

The Court cannot screen these two cases, and thus litigation cannot proceed in these cases, until Reed cures these deficiencies. Reed has failed to prosecute her lawsuits and also failed to obey court orders. Dismissal without prejudice is warranted under these circumstances. Therefore, the Court should dismiss Case Numbers 3:22-cv-816-B-BT and 3:22-cv-817-L-BT under Rule 41(b).

B.  28 U.S.C. § 1915(e)

Next, the Court will screen both of Reed's cases. Her pleadings are subject to preliminary screening under 28 U.S.C. § 1915(e). That section provides that a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court liberally construes Reed's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (noting that allegations in a *pro se* complaint, however inartfully pleaded, are held to less stringent standards than form pleadings drafted by lawyers); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Reed's pleadings fail to state a claim upon which relief can be granted.

In Case Number 3:22-cv-816-B-BT, on April 25, 2022, Reed filed her second amended complaint. 2d Am. Compl. (ECF No. 7). Reed submitted her second amended complaint on the appropriate form for a *pro se* civil complaint, but she fails to provide complete thoughts, and she generally does not write in complete sentences. Where the form directed Reed to set forth her claims, she has written only the following, "Location: White Rock Hills Townhomes, Office Assit [sic] Associates mishandle, lease status / DL / Employment Rental History including, Rental Charges, Claims, medical history, Social Security Payments". *Id.* 4. It is not clear how these statements relate, and Reed does not explain. The form complaint directed Reed to

6

attach additional pages, if necessary, but she did not provide additional pages or attachments to clarify her assertions.

On April 25, 2022, Reed filed her second amended complaint in Case Number 3:22-cv-817-L-BT. 2d Am. Compl. (ECF No. 8). Her second amended complaint is filed on the appropriate form, but even liberally construed, she has failed to state a claim. Where the form directed Reed to set forth the statement of her claims, she has written only random words and phrases. For instance, she has written, "Tax Credit For low income, SR" and "(Leasing Agents)." *Id.* at 4. Reed has also written, "Continued, to Identity Theft All Combine" and "without Life threaten disability." *Id.* Finally, Reed has written, "Legal Physical Damages – Local DPD – writes multi Traffic Tickets." *Id.* It is not clear how these seemingly unrelated words, phrases, and concepts are logically connected. And Reed fails to provide any sort of explanation. The form complaint directed Reed to attach additional pages, if necessary, but she declined to provide additional pages or attachments to clarify her thoughts.

In sum, Reed's pleadings in Case Numbers 3:22-cv-816-B-BT and 3:22-cv-817-L-BT fail to state a claim upon which relief may be granted. Case Numbers 3:22-cv-816-B-BT and 3:22-cv-817-L-BT should therefore be dismissed under § 1915(e)(2)(B) because she fails to state a claim upon which relief can be granted.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'" [Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009)](). In both cases, Reed filed a complaint, a first amended complaint, and a second amended complaint. (Case Number 3:22-cv-816-B-BT, ECF Nos. 3, 5, 7; Case Number 3:22-cv-817-L-BT, ECF Nos. 3, 6, 8.) The Court finds that Reed has pleaded her best case in both cases and granting leave to amend at this time would result in needless delay and an exercise in futility. *See* [Cruz v. CitiMortgage, Inc., 2012 WL 1836095, at *7 (N.D. Tex. May 21, 2012)]() (concluding that plaintiffs "have pled their best case and granting leave to amend would be futile and cause needless delay" where plaintiffs did not file a response to motion to dismiss or request to amend pleadings).

C.   Sanctions

Last, the Court will address the extent to which Reed's frivolous lawsuits in this Court warrant sanctions. As noted, Reed has filed five *pro se* civil lawsuits in the Northern District of Texas since July 8, 2021. When frivolous filings are received and addressed by a court, it impinges on the court's limited resources, and a court has a responsibility to ensure its resources are allocated in a manner to promote the interests of justice. *See* [Martin v. Dist. of Columbia Court of Appeals, 506 U.S. 1, 3 (1992)]() (per curiam) ("Every paper filed with the Clerk of this Court, no matter how

8

repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.") (quoting *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam)); *see also Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (review of a trial court's sanctions against vexatious or harassing litigants is addressed under the lenient standard of abuse of discretion standard) (citing *Gelabert v. Lynaugh*, 894 F.2d 746, 747 (5th Cir. 1990) (per curiam)); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) (*Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."). Reed is advised that her frivolous filings in this Court are an abuse of this Court's limited resources. **Therefore, Reed is warned that if she continues to file frivolous *pro se* cases in this Court, sanctions and/or a filing bar may be imposed.**

## Conclusion

For the reasons stated, the Court should DISMISS Case Numbers 3:22-cv-816-B-BT and 3:22-cv-817-L-BT without prejudice under Rule 41(b) for failure to comply with a court order and also DISMISS both cases under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

9

**SO RECOMMENDED**.

April 29, 2022.

                                                                 _____
                                                      REBECCA RUTHERFORD
                                                      UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).